In the Matter of LARRY BARKSDALE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [870 NYS2d 136]—

Spain, J.

Petitioner's application for performance of duty disability retirement benefits was granted with an effective retirement date of April 30, 2005. Thereafter, on May 2, 2005, petitioner filed a notarized request seeking to withdraw from the optional 20-year retirement plan contained in Retirement and Social Security Law § 384-d—a plan that he elected to participate in when he first joined the New York State and Local Retirement System. Although the Retirement System initially approved that request, it subsequently discovered that petitioner actually was retired at the time he filed his application to withdraw and,

hence, the application was untimely and, ultimately, invalid. Petitioner requested a hearing, at the conclusion of which the Hearing Officer found that petitioner's application to withdraw indeed was untimely. After making a supplemental finding of fact, respondent affirmed that decision, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge respondent's determination.

We confirm. Retirement and Social Security Law § 384-d (b) permits any "member" who has elected to participate in that particular retirement plan to thereafter withdraw his or her election by filing a "written notice duly acknowledged" with respondent. Membership in the Retirement System, however, terminates upon the member's retirement (*see* Retirement and Social Security Law § 40 [f] [3]). As petitioner did not file his notarized request to withdraw until May 2, 2005—after his effective retirement date of April 30, 2005—his request was untimely and was properly denied. To the extent that petitioner contends that he submitted a duplicate request to withdraw in March 2005, which the Retirement System has no record of receiving, petitioner concedes that this request was not notarized. Accordingly, even if that initial request had been received in a timely fashion, it would have been rejected by the Retirement System. As petitioner failed to comply with the procedural requirements of Retirement and Social Security Law § 384-d, his application to withdraw from participation in that plan was properly denied.

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.